IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| NELDA RAY | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| RAILWORKS TRACK SYSTEMS, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.      Plaintiff, Nelda Ray, is an individual who is a citizen of the State of Texas.

2.      Defendant, RailWorks Track Systems, Inc., is a foreign corporation doing business

in the State of Texas.  Defendant may be served with process by serving its registered

agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company,

211 E. 7th Street, Suite 620, Austin, Texas 78701.

### B. Jurisdiction

3.      The court has federal question jurisdiction over plaintiff's overtime wage claims

under the Fair Labor Standards Act pursuant to 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216,

28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

### C. Venue

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because defendant

transacts business in this district and plaintiff was employed by defendant in this district

and the actions complained about were conducted in this district.

### D. Fair Labor Standards Act Violations

5.      Plaintiff was at all times relevant to this lawsuit an "employee" as that term is defined

by 29 U.S.C. § 203(e).

6.     Defendant was at all times relevant to this lawsuit an "employer" as that term is defined by 29 U.S.C. § 203(d).  Defendant is RailWorks Track Systems, Inc., which operates as a railroad and subway contractor.

7.     Plaintiff began working in Beaumont, Texas for the defendant's predecessor on or around July 2, 1998.  In 2001, defendant took over the company and retained plaintiff's employment at the Beaumont location.  Plaintiff's title was office manager.  As stated in 29 C.F.R. § 541.2, although her title contained the word manager, the job title alone is insufficient to establish the exempt status of an employee.  Plaintiff did not perform any management or administrative duties.  Her duties included inputting data, creating invoices based on information supplied to her,  forwarding human resource requests to defendant's Houston, Texas location, attending safety meetings, answering the office phones, and performing tasks assigned to her by managers from the Beaumont, Houston, and New York locations.  Plaintiff did not have any employees under her supervision, made no decisions regarding the hiring or firing of employees, and provided no training to employees.  Plaintiff's paycheck was calculated based on hourly rates, and she was required to keep a time sheet.  If she worked less than 40 hours a week, her vacation hours were used to fill in the difference.

8.     During plaintiff's employment with defendant, only she and two other employees worked inside the office building at the Beaumont location.   The remainder of the Beaumont workforce worked out in the field.  Defendant required plaintiff to attend weekly safety meetings before her shift and answer phones during her lunch hour and break.  Plaintiff was not compensated for her one hour lunch or break, and her shift was adjusted to account for those periods, as she worked 7:00 a.m. until 4:15 p.m., Mondays through

Fridays. In her years of employment, defendant never compensated plaintiff or accounted for the one hour per day, five days a week, for which she was required to answer the phones during her lunch. Defendant never compensated plaintiff or accounted for plaintiff's time attending mandatory safety meetings, which was one hour, once per week. Defendant never compensated plaintiff or accounted for plaintiff's time spent answering the phones during her 15 minute break period.

9.      Defendant terminated plaintiff on March 12, 2014.

10.     At no time did plaintiff meet the statutory qualifications to be classified as an executive under 29 C.F.R. § 541.100, an administrator under 29 C.F.R. § 541.200, or a professional employee under 29 C.F.R. § 541.300. Therefore, plaintiff was not a bona fide executive, administrator, or professional employee who would have been exempted from overtime compensation payment requirements under 29 U.S.C. § 213(a)(1). Plaintiff was, in fact, entitled to overtime pay of one and one-half plaintiff's regular rate (commonly known as time-and-a-half pay) for each hour she worked over forty (40) hours in any given week. She worked seven (7) hours and fifteen (15) minutes of overtime each week of her employment for which defendant did not compensate her for.

11.     Defendant failed to pay plaintiff the required overtime pay and failed to take the necessary steps to ensure compliance with Fair Labor Standards Act requirements.

12.     Defendant's violations were willful as that term is used in 29 U.S.C. § 255.

### E. Damages

13.     Plaintiff is entitled to compensation for not less than seven (7) hours and fifteen (15) minutes per week of overtime compensation from August 1, 2011 (three years prior to the date of filing this complaint) until her termination on March 12, 2014 pursuant to 29 U.S.C.

§ 255. Plaintiff is entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

14.    Plaintiff is also entitled to reasonable expenses and attorney fees for bringing the lawsuit.

15.    Plaintiff's salary while working for defendant is believed to have been approximately $20.71 per hour.  When working overtime, plaintiff should have been paid an additional $10.35 per hour. Plaintiff should have been paid $31.07 per each hour of overtime she worked.   Defendant failed to pay plaintiff $225.26 of overtime each week of her employment. For the 127 week period for which defendant is liable to plaintiff for overtime compensation, defendant owes plaintiff $28,608.   Liquidated damages total another $28,608, for total damages of $57,216, exclusive of attorney fees, costs, and interest.

## F.  Interest

16.    Plaintiff seeks the maximum allowed legal pre-judgment and post-judgment interest.

## G.  Prayer

17.    For these reasons, plaintiff asks for judgment against defendant for the following:

a.    Overtime compensation of not less than $28,608;

b.    Liquidated damages of $28,608;

c.    Reasonable attorney fees and expenses;

d.    Costs of suit;

e.    Maximum allowed legal interest; and

f.    All other relief the court deems appropriate.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____

Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFFS

5